[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Warren,* Slip Opinion No. 2016-Ohio-7333.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7333

DISCIPLINARY COUNSEL *v.* WARREN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Warren,* Slip Opinion No. 2016-Ohio-7333.]

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Two-year suspension.*

(No. 2016-0251—Submitted March 9, 2016—Decided October 18, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-035.

_____

**Per Curiam.**

{¶ 1} Respondent, Kenneth Jay Warren of Dublin, Ohio, Attorney Registration No. 0011040, was admitted to the practice of law in Ohio in 1977.  On March 6, 2015, Warren was convicted of a single count of sexual battery in violation of R.C. 2907.03.  *State v. Warren*, Franklin C.P. No. 13 CR 12 6766 (Mar. 6, 2015).  Based on that felony conviction, we suspended Warren from the practice

of law in Ohio on March 26, 2015. *In re Warren*, 142 Ohio St.3d 1215, 2015-Ohio-1129, 29 N.E.3d 983. On May 13, 2015, relator, disciplinary counsel, charged Warren with professional misconduct arising from his felony conviction.

{¶ 2} A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} In the consent-to-discipline agreement, Warren stipulates that on August 8, 2013, a friend with whom he had a social—but not sexual—relationship joined him for dinner at his home and planned to stay overnight. After dinner, Warren's friend lay down in his room to sleep because she had taken some pain medication and was not feeling well. Unaware that she had taken that medication, Warren gave her a sleeping pill to help her fall asleep. At some point during the night, Warren removed his friend's pajamas and she awoke to his penetrating her vagina with his finger and tongue. She told him to stop and due to the medication she had taken, fell back asleep. She is unaware whether any other sexual contact occurred.

{¶ 4} After a jury trial, Warren was found guilty of sexual battery but acquitted of rape on October 31, 2014. On March 5, 2015, he was sentenced to 30 months of community control and was ordered to stay away from the victim, complete a sex-offender treatment program, and pay a $2,500 fine plus court costs.

{¶ 5} The parties stipulate that Warren's conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness).

{¶ 6} The parties further stipulate that the applicable mitigating factors include the absence of prior discipline during Warren's 39-year career, his full and free disclosure to the board and cooperative attitude toward the proceedings, evidence of his good character and reputation apart from the charged misconduct, his acknowledgement that his actions were improper, and the imposition of other penalties. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6). The parties agree that the

sole aggravating factor is that Warren acted with a dishonest or selfish motive. *See* Gov.Bar R. V(13)(B)(2).

{¶ 7} Based on Warren's stipulated misconduct and the applicable aggravating and mitigating factors, the parties stipulate that the appropriate sanction is a two-year suspension from the practice of law, with no portion of the suspension stayed. The parties agree that Warren should receive no credit for the time served under his interim felony suspension, which commenced on March 26, 2015. In addition, they stipulate that upon submitting an application for reinstatement, Warren shall be required to demonstrate that he has fully complied with the terms of his criminal sentence, including all terms of his community control.

{¶ 8} The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety.

{¶ 9} In support of this recommendation, the parties and board noted that we have imposed term suspensions on other attorneys who have been convicted of felonies. *See, e.g.*, *Disciplinary Counsel v. Petroff*, 85 Ohio St.3d 396, 709 N.E.2d 111 (1999) (imposing a one-year suspension on an attorney who was convicted of a felony count of attempting to evade federal income taxes that did not arise from his representation of clients and who fully cooperated with the disciplinary investigation); *Disciplinary Counsel v. Pappas*, 141 Ohio St.3d 1, 2014-Ohio-3676, 21 N.E.3d 260 (imposing a two-year suspension on an attorney who was convicted of a felony for making false statements to federal authorities and who had also filed a false affidavit in court and had made false statements to disciplinary authorities); *Cleveland Metro. Bar Assn. v. Haynes*, 143 Ohio St.3d 528, 2015-Ohio-3706, 39 N.E.3d 1251 (imposing a two-year suspension with six months stayed on conditions for an attorney's participation in a scheme to defraud retailers that resulted in her felony conviction for receiving stolen property). The parties and board also noted

that we have indefinitely suspended attorneys who have been convicted of felony sex crimes involving children. *See*, *e.g.*, *Disciplinary Counsel v. Goldblatt*, 118 Ohio St.3d 310, 2008-Ohio-2458, 888 N.E.2d 1091 (indefinitely suspending an attorney who was convicted of compelling prostitution and possessing criminal tools based on his attempt to arrange a sexual encounter with an underage girl); *Dayton Bar Assn. v. Greenberg*, 135 Ohio St.3d 430, 2013-Ohio-1723, 988 N.E.2d 559 (indefinitely suspending an attorney who pleaded guilty to felony charges of possessing child pornography and transferring obscene material to minors). Citing the multiple mitigating factors present in this case and noting that Warren's conviction and resulting misconduct arose from an illegal act committed against an adult with whom he had a social relationship, the panel concluded that the stipulated sanction was just.

{¶ 10} We agree that Warren's conduct violated Prof.Cond.R. 8.4(b) and that it warrants a full two-year suspension with no credit for the time served under his interim felony suspension. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 11} Accordingly, Kenneth Jay Warren is hereby suspended from the practice of law for two years, with no credit for the time served under the interim suspension that began on March 26, 2015. Costs are taxed to Warren.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., dissents and would remand the cause to the Board of Professional Conduct to reconsider the sanction to be imposed.

O'NEILL, J., dissents and would grant respondent credit for time served under interim remedial suspension.

_____

Scott J. Drexel, Disciplinary Counsel, and Catherine M. Russo, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, L.P.A., and Christopher J. Weber, for respondent.

_____